**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 14, 2009

Charles R. Fulbruge III
Clerk

No. 08-31197

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

CLARENCE PAUL DOROSAN,

Defendant - Appellant

Appeals from the United States District Court for the
Eastern District of Louisiana
USDC No. 08-CR-42-1

Before REAVLEY, JOLLY, and WIENER, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Clarence Paul Dorosan appeals his conviction of violating 39 C.F.R. § 232.1(*l*) for bringing a handgun onto property belonging to the United States Postal Service. For the reasons below, we AFFIRM.

Dorosan raises one argument on appeal: The regulation under which he was convicted violates his Second Amendment right to keep and bear arms, as recently recognized in *District of Columbia v. Heller*, 555 U.S. ----, 128 S. Ct. 2783, 2822 (2008). Assuming Dorosan's Second Amendment right to keep and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

bear arms extends to carrying a handgun in his car, Dorosan's challenge nonetheless fails.

First, the Postal Service owned the parking lot where Dorosan's handgun was found, and its restrictions on guns stemmed from its constitutional authority as the property owner. *See* U.S. CONST. art. IV, § 3 cl. 2; *United States v. Gliatta*, 580 F.2d 156, 160 (5th Cir. 1978). This is not the unconstitutional exercise of police power that was the source of the ban addressed in *Heller*. *See* 128 S. Ct. at 2787-88 (noting the laws in question "generally prohibit[ed] the possession of handguns" anywhere in the city).

Moreover, the Postal Service used the parking lot for loading mail and staging its mail trucks. Given this usage of the parking lot by the Postal Service as a place of regular government business, it falls under the "sensitive places" exception recognized by *Heller*. *See Heller*, 128 S. Ct. at 2816-17 (holding that "nothing in our opinion should be taken to cast doubt on . . . laws forbidding the carrying of firearms in sensitive places such as schools and government buildings . . . .").

Finally, the Postal Service was not obligated by federal law to provide parking for its employees, nor did the Postal Service require Dorosan to park in the lot for work. If Dorosan wanted to carry a gun in his car but abide by the ban, he ostensibly could have secured alternative parking arrangements off site. Thus, Dorosan fails to demonstrate that § 232.1(*l*) has placed any significant burden on his ability to exercise his claimed Second Amendment right.

In conclusion, the above-stated facts do not compel us to hold that § 232.1(*l*) as applied to Dorosan is unconstitutional under any applicable level of scrutiny.

AFFIRMED.